HOPE *v.* HAMILTON COUNTY.

(*Knoxville.* October 5, 1898.)

COUNTY. *Not liable to Justices for value of services, when.*

A county is not legally liable to a member of its County Court for services performed, as member and chairman of a committee appointed by that body to superintend certain jail and court-house improvements, as the services, if classed as ordinary, are paid for by the ordinary compensation allowed by law to Justices of the Peace; and, if classed as extraordinary, members of the Court are forbidden, by statute, to take contract or receive compensation for their performance.

Act construed: Acts 1869–70, Ch. 92.

Code construed: §§ 1133, 1134, 1135 (S.); §§ 1000–1002 (M. & V.); §§ 811 *a*, *b*, *c* (T. & S.).

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

RICHMOND, CHAMBERS & HEAD and THOMAS & THOMAS for Hope.

C. R. EVANS and COOKE, SWANEY & COOKE for Hamilton County.

WILKES, J. This is an action by the complainant to recover for services rendered Hamilton County

in superintending the extension and improvement of the courthouse and yard and jail of the county. The Chancellor gave judgment for complainant for one thousand dollars, and some interest and costs, and the county appealed, and assigned errors. The Court of Chancery Appeals reversed the Chancellor, and refused any recovery, and dismissed complainant's bill, and he has appealed, and assigned errors.

The facts, so far as necessary to be stated, are that, in 1890, Hamilton County determined to make extensive improvements upon its courthouse, jail, and grounds, the work to cost many thousand dollars. A building committee was appointed of the members of the County Court, and complainant was its chairman. There was no agreement made for any compensation to the chairman or any member for his services on the committee. Some outside conversations were had with the Judge and members of the County Court to the effect that compensation would be paid. An architect was employed to oversee the construction and improvements. It appears that he was negligent and inattentive, and that the complainant gave much time and service in looking after the improvements, for a part of the time giving it his undivided attention and entire time.

In January, 1896, at complainant's instance, a special committee was appointed to report what his services were worth. This committee reported the facts in some detail, and that complainant should have five hundred dollars for his services. The Quarterly

Hope v. Hamilton County.

Court adopted this report, but,. upon a subsequent day of the term, 'reconsidered their action, and rejected it. This suit was thereupon brought. The Chancellor thought complainant entitled to recover, and referred the matter to the Master to report the amount. He reported one thousand dollars as the proper amount, and this was confirmed by the Court, without exception as to the amount.

There can be no doubt of the great value of complainant's services in this case, and of the benefit received by the county, but the difficulty is in finding any ground upon which to rest a legal liability against the county. It is clear, in this case, that if complainant was not a member of the County Court, but had been employed or authorized as a private individual to do this service by it, the law would imply a promise to pay what the services are worth. Complainant cannot, however, claim in this capacity, since he clearly served throughout as a member of the Court, appointed on one of its committees, and selected as the head or chairman of that committee.

It cannot seriously be insisted that a mere appointment of one of its members upon ·a committee by the County Court, and service on that committee by the member, even though the service be onerous and beneficial, carries with it any legal right to compensation. In any event, the matter of compensation is one which, if compensation can be given at all, which we do not hold, addresses itself to the

sense of justice and discretion of the body appointing the committee.

There is a practice prevailing in the County Courts of appointing committees, as they are styled, to look after important business transactions. There is no statute authorizing it, and it is in no sense the creation of an office. At most it is but a designation of certain individuals to look after the matters committed to them, but they do this as members of the County Court, and not as its employes. Every person who becomes a member of the Court does so knowing that he may and probably will be called on to perform such services. Whether, as a matter of public policy, the Court might stipulate to pay for such service we need not now consider, as that question is not pressed before us.

In this case it appears that the services performed by complainant were doubly onerous and greatly more beneficial because of the negligence of the architect, but this cannot alter the rule. It does not appear that complainant ever brought notice of this fact to the Court, which he might have done, and thereupon, no doubt, secured an order to meet the exigency: It clearly appears that he rendered faithful services, relying upon the Court to remunerate him, while, for its own reason, it did not do so.

We do not consider it necessary to review the large number of cases cited by the Court of Chancery Appeals and by counsel, as we are of opinion

the rule governing the case is almost elementary, and can be but little aided by citation of authorities.

The case of *City of Ellsworth* v. *Rossiter*, 46 Kan., 237, is strongly relied on for complainant. In that case the city appointed a committee to establish and erect waterworks. One Rossiter was on the committee. No compensation was provided, and he brought suit for his services. He was a civil engineer. It does not appear that he was a member of the City Council. The Court held, in substance, that he was not a public officer within the rule which gives no compensation to such officer except as provided by law, but was rather an employe of the city, and gave judgment.

In *Leavenworth* v. *Brewer*, 9 Kansas, 210, a County Attorney on salary, was, at the instance of the County Commissioners, sent beyond the limits of the county to attend to a suit for the county, and the county having refused compensation, he sued for it and recovered. In this case the service was clearly beyond the scope of the employment, and there was raised an implied promise to pay for it. When the attorney was employed to do it, he was not a member of the County Court, and the case is not in point here.

Whatever may be said as to the moral obligation of the county to pay for this service, we can see no ground of legal liability which the Court can recognize, and the decree of the Court of Chancery Appeals is affirmed with costs.

Hope *v.* Hamilton County.

PETITION TO REHEAR.

WILKES, J.   Upon petition to rehear this cause, it is pressed upon the Court that the services for which compensation is asked, the superintendence of improvements on the courthouse and jail, were outside of, and entirely independent of complainant's duties as a committeeman, and were such as belonged to a superintendent or architect, and such as did not devolve, as matter of law or duty, on complainant as committeeman or member of the County Court. It was assumed that this feature of the law was overlooked. A mere glance at the opinion is sufficient to show that this feature was fully considered, and it was stated that the labor performed by the complainant was faithful and continuous and made more onerous and necessary, and at the same time beneficial to the county, by the failure of the architect to perform his duty.

The record shows that the complainant made frequent reports of progress to the County Court, and always in the character and capacity of a committeeman, and it does not show that he at any time brought to the Court's attention that he was discharging an architect's duties, or that the architect was derelict in the discharge of his own duties. If, however, we were to grant that he did service outside of his duty as committeeman (which, under the record, we could not concede), still it is clear that he did not do it under contract with the county, but as a volunteer, and, under the ordinary

rules of law as between individuals, he could not recover for gratuitous services. The theory now pressed upon us, in the petition to rehear, that complainant can recover as upon a contract, either expressed or implied, presents a grave question, and that is whether a member of the County Court elected to fill that office, his compensation being fixed by law, can contract with the County Court, of which he is a member, to render service for extra pay, and especially a service performed upon a committee appointed to attend to a matter necessary for the proper administration of the affairs of the county. This view was not presented on the original hearing.

It is the policy of the law to prohibit members of the County Court, and of municipal councils generally, from making contracts with their own members for any purpose which calls for compensation out of the public treasury. The theory is that the same individuals shall not authorize a contract, fix compensation for it, and elect or appoint one of their own members to execute it, and then receive pay therefor, no matter how well a member may be fitted for the particular service. Accordingly, the Act of 1869–70, Ch. 92, Sec. 1, provides that "it shall not be lawful for any officer, committeeman, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend any work, or any contract in which any public, municipal corporation, county or State, shall

or may be interested, to be directly or indirectly interested in any such contract." Shannon, § 1133.

"Should any person, acting as such officer, committeeman, director, or other person above referred to, be or become directly or indirectly interested in any such contract, he shall forfeit all pay or compensation therefor." *Ib.*, § 1134.

"Such officer shall be dismissed from such office as he then occupies, and be ineligible for the same or a similar position for ten years." *Ib.*, § 1135.

It is difficult to see how, under these provisions, the County Court, or any city council, can make a contract with any of its members to do any sort of service for compensation, to be paid out of the treasury, or can pay a member for such services upon a *quantum meruit*. This Act is but an extension of the provisions of the Act of 1857–58, Ch. 7, Sec. 1, to the county and State, as well as to municipal corporations, prohibiting any person holding office from taking any contracts from the body of which he is a member. See Shannon, §§ 1995, 1996.

The theory and spirit of all these laws is that in rendering services which should be done by members of these bodies pertaining to their official position, they act simply in discharge of duties for which the statute provides compensation. For all other services they are incompetent to contract, and for such outside work it is unlawful for them to contract or receive compensation. If it becomes necessary to contract for such services, such contract must be made with

Hope *v.* Hamilton County.

a disinterested third person, and not with a member of the body whose office it is to make the contract and provide the pay. We cannot ignore these provisions of the statute, no matter how necessary or valuable the services of complainant may have been, nor how worthy of compensation if done by a third person.

The petition to rehear is dismissed.