MADISON COUNTY *v.* ALEXANDER.

(*Jackson.* April Term, 1906.)

**MEMBER OF COUNTY COURT.** Cannot recover for supplies furnished to county workhouse.

It is unlawful for a member of the county court to sell supplies to the superintendent of the county workhouse for use and consumption therein; and a suit to recover for the value of articles thus sold and delivered cannot be maintained, although they were proper articles of food, needed by the workhouse department, and worth the price charged for them.

Code cited and construed: Secs. 1133, 1134 (S.); secs. 1000, 1001 (M. & V.); secs. 811a, 811b (T. & S.).

Cases cited and approved: Hope v. Hamilton County, 101 Tenn. 331; Tool Co. v. Norris, 2 Wall. 45; Lodge v. Crary (Ind.), 49 Am. R., 749; City of Ft. Wayne v. Rosenthal (Ind.), 39 Am. R., 127.

---

FROM MADISON.

---

Appeal from the Circuit Court of Madison County.— S. J. EVERETT, Judge.

BULLOCK & TIMBERLAKE, for Madison County.

R. F. SPRAGINS, for Alexander.

MR. JUSTICE WILKES delivered the opinion of the Court.

. Alexander sued Madison county for $4.56, the agreed value of 196 pounds of peas sold by him to the superintendent of the county workhouse. It was agreed that the workhouse department needed the peas, and that they were proper articles of food, and were worth the price Alexander charged for them.

Defense is made on the ground that Alexander was a member of the county court, and could not trade with the county; and that a sale to the workhouse department and superintendent was really, and in fact and law, a sale to the county.

The workhouse is operated under the statute (Shannon's Code, sec. 7398 *et seq.*), and is under the control of the county court through a superintendent.

The account for the peas was approved by the superintendent and by the commissioners, and presented to the county judge, who declined to pay it under the authority of the statute. Shannon's Code, secs. 1133, 1134.

It is agreed that the only question in the case is whether a member of the county court can sell supplies to the superintendent of the workhouse for use and consumption by it.

Section 1133 is as follows:

"It shall not be lawful for any officer, committeeman, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend, any work or any contract in which any public municipal cor-

poration, county, or the State, shall or may be interested, to be directly or indirectly interested in any such contract."

Section 1134: "Should any person, acting as such officer, committeeman, director, or other person above referred to, be or become directly or indirectly interested in any such contract, he shall forfeit all pay and compensation therefor."

The amount involved in this case is insignificant; and we presume that it is desired by this suit to test the question whether the members of the county court have the right to sell supplies to the workhouse.

The money to pay for these supplies must, as a matter of course, be furnished ultimately by appropriations by the county court. It is one of the duties of each member of the county court to pass upon these appropriations, either directly or indirectly.

In *Hope v. Hamilton County,* 101 Tenn., 331, 47 S. W., 487, construing the statutes quoted, this court said:

"It is the policy of the law to prohibit members of the county court from making contracts with their own members (meaning the county court), for any purpose which calls for compensation out of the county treasury."

If Mr. Alexander had sold the peas directly to the county, evidently he could not recover. But he did sell them indirectly to the county, since he sold them to one of its institutions, and to be paid out of the county treasury.

The law is that a member of the county court cannot contract with the county to render services or furnish material or supplies for compensation.

The underlying principle is that no man shall be allowed to make a contract with the county, whose duty it is to pay for such contract. In other words, he cannot make a contract to pay himself out of the public treasury for any purpose. That such a rule may operate harshly is no argument against it. It is based on a wise purpose and principle, that is, to prevent public officials from using their public functions and duties to subserve their private interests. It does not matter that the service is rendered faithfully and inures to the benefit of the county, or that the material may be necessary and cheaply furnished.

The service in the *Hope Case* was faithfully rendered, and was worth all that was charged for it, and was necessary. So, here the provisions furnished were necessary and proper and sold at reasonable rates; but the policy of the statute is that a public official may not contract with the body of which he is a member, because it may lead to other contracts very detrimental to the public interests.

As is said in *Tool Co. v. Norris,* 2 Wall., 45, 17 L. Ed., 868: "The law looks to the general tendency of such argreements; and it closes the door to temptation by refusing them recognition in the courts of the country."

Madison County v. Alexander.

See, to same effect and laying down same principle: *Lodge v. Crary* (Ind.), 49 Am. Rep., 749; *City of Ft. Wayne* v. *Rosenthal* (Ind.), 39 Am. Rep., 127, 131; 2 Beach on Contracts, sec. 1588; 12 Am. and Eng. Ency. of Law (2d Ed.), 933, 934, 935.

We are constrained to hold that the policy and letter of our law makes this contract illegal and void, no matter how honest it may be, and no doubt is, and that the plaintiff cannot recover on it.

The judgment of the court below is reversed, and the suit is dismissed, at plaintiff's cost.