## M. F. PARSLEY & COMPANY, INC. v. COLE & MILLER, et al.

Eastern Section. March 13, 1926.

Certiorari denied by Supreme Court, June 5, 1926.

1. **Municipal corporations. Where sole owner of stock of corporation is an officer of the municipal corporation his corporation is prohibited from entering into contract with municipal corporations by virtue of Shannon's Code, Sections 1133 and 1134.**

    Where a member of the county court was the sole owner of the stock of a corporation owning a lumber yard, held it would be a violation of sections 1133 an 1134, Shannon's Code, for the corporation to enter into contract with the county for building of school house.

2. **Municipal corporation. Not violation of statute for corporation owned by member of county court to enter into contract to furnish material to general contractor having contract with school board for building of schoolhouse.**

    In an action by a corporation to recover from general contractor and their bondsmen for material furnished for building schoolhouses, where the sole owner of the stock of the corporation was a member of the county court and also one of the bondsmen of the contractors, held the contract with the general contractor to furnish material was not in violation of sections 1133 and 1134, Shannon's Code, and corporation entitled to judgment against contractor and bondsmen.

Appeal from Chancery Court, Unicoi County; Hon. Hal H. Haynes, Chancellor.

Affirmed.

Divine and Guinn, of Johnson City, for M. F. Parsley & Co., Inc.

W. A. Roberts, of Erwin, and H. T. Campbell, of Bristol, for Cole and Miller, et al.

THOMPSON, J. The complainant, M. F. Parsley Company, Incorporated, is a corporation with its principal place of business in Unicoi county, Tenn. Originally Mr. M. F. Parsley owned about one-third of its capital stock, and three other gentlemen owned the other two-thirds. Several months prior to November 1, 1922, Mr. M. F. Parsley bought the stock of the other three gentlemen and since then he has owned all of the capital stock of the corporation. This corporation sold lumber and building materials.

On November 1, 1922, and for some time prior and subsequent thereto, Mr. Parsley was the Chairman of the county court of Unicoi county. On that date, and prior and subsequent thereto, there was a board of education of Unicoi county composed of Mr. N. T. Tucker, Chairman, and seven other members. Mr. Parsley, however, was not a member of this board.

On November 1, 1922, the board of education entered into two written contracts with Cole & Miller, a partnership composed of Mr. E. L. Cole and Mr. N. T. Miller, for the construction of two school buildings, each for the sum of $10,000, payable on monthly estimates as the work progressed. One of these buildings is known as the Martins Creek School, and the other as the Limestone Cove School. They are several miles apart. Sealed bids had been made, and Cole & Miller were the lowest bidders who complied with the requirement of filing a $200 certified check with all bids. All of the bids except those of one bidder were higher than Cole & Miller's bids, and this bidder failed to file a certified check with his bids.

The record does not show whether specific appropriations were made to cover the cost of the buildings, or whether the county court provided for a levy to raise the funds, nor in what manner they were raised. Nor does it appear under what particular authorization the board acted. Neither does it appear how Mr. Parsley voted when the matter was before the county court, if (as we suppose) it was before the county court. But the authority of the board to build the two schoolhouses is unquestioned, and it had the money with which to build them, and Mr. Pursley was chairman of the county court at the time.

On the same day that the contracts were let to Cole & Miller, i. e. November 1, 1922, they executed two bonds, each in the sum of $5,000, to secure the faithful performance of the contracts, to pay and satisfy all claims and demands, to indemnify and save harmless the county, etc. Both of these bonds were signed by the same sureties, i. e. M. F. Parsley, J. F. Anderson, Dr. W. T. Woodward and Noah Cole.

Before Cole & Miller made their bids they examined the plans, specifications, etc., and made up a list of the materials which they thought would be necessary to erect the two buildings. They submitted this list to Mr. Parsley and particularly to Mr. J. F. Anderson, the latter of whom was the active manager (but not a stockholder) of M. F. Parsley & Company, Incorporated, and it was agreed orally between them that M. F. Parsley & Company, Incorporated, would furnish these materials to Cole & Miller for the sum of $11,679.36, but that if any more or additional materials should be required, the same would be charged for at current market prices existing at time of delivery. On November 3, 1922, which was two days after the execution of the two building contracts by the board and Cole & Miller, this oral contract with reference to the furnishing of the list of materials for $11,679.36, etc., was put in writing as of that date and was signed by M. F. Parsley & Company, Incorporated, and by Cole & Miller.

Cole & Miller then began constructing the two buildings, M. F. Parsley & Company, Inc., furnishing the materials, but by May 5,

1923, Cole & Miller had become insolvent and were unable to continue the work, and on that date they notified the board in writing that they were unable to comply with their contracts, and acknowledged a forfeiture thereof, and stated that the board might take such steps as it deemed proper for the completion of the work.

On May 7, 1923, Mr. Tucker, as chairman of the board, wrote the four sureties on the bonds, i. e. Parsley, Anderson, Woodward and Noah Cole, notifying them of the default and forfeiture, etc., and that the board looked to them for the performance of the contracts; and also advised them that unless the buildings were completed by June 30, 1923, the board would lose $1250 of "State Aid" on each building, and that should this occur the board would expect and insist upon their paying this loss. On May 9, 1923, the four sureties held a meeting and decided to complete the buildings themselves. Dr. Woodward was selected to act as treasurer and handle the money. Mr. Anderson was to act as secretary and keep the records of the construction, etc. It was further agreed that Mr. Noah Cole, in connection with Mr. N. T. Miller (one of the firm of Cole & Miller) should supervise the work and keep the time of the men, etc., on the Limestone Cove building, and that Dr. Woodward and Mr. Anderson would employ such help as would be necessary to complete the Martins Creek building. It was understood that M. F. Parsley & Company, Incorporated, would continue furnishing the materials, as in the past.

Under this arrangement the work was continued, M. F. Parsley & Company, Incorporated, furnishing the materials, and at times (between estimates when Dr. Woodward, the treasurer, had no money) meeting the payrolls of the men, and both buildings were completed by August 20, 1923. The buildings were duly accepted by the board and the board paid into Dr. Woodward's hands the sum of $3,785.91, which was the balance of the contract prices of both buildings.

But owing to the fact that the construction of the buildings had cost so much more than the $10,000, contract prices, there was, at the time Dr. Woodward received the $3,785.91 from the board, a balance due and unpaid to M. F. Parsley & Company, Inc. (after allowing all credits) amounting to $10,966.28. Of this balance, $4,390.01 was for materials and labor on the Martins Creek building, and $6,576.27 was for materials and labor on the Limestone Cove building. Of the $4,390.01 on the Martins Creek building, $3011.91 was for materials and labor furnished to Cole & Miller prior to their forfeiture and abandonment of their contract on May 5, 1923, and $1378.10 was for materials and labor furnished to the sureties subsequent to said forfeiture and abandonment. Of the $6,576.27 on the Limestone Cove building, $3,371.10 was for materials

and labor prior to the forfeiture and abandonment, and $3,205.17 was for materials and labor subsequent thereto.

Dr. Woodward did not pay the $3,785.91 over to M. F. Parsley & Company, Incorporated, immediately but held the same for some time because of a notice not to pay it out which he received from Cole & Miller.

On September 2, 1923, M. F. Parsley & Company, Inc., gave full written notice of its claim or account to the board, Cole & Miller, and the four sureties, i. e. Parsley, Anderson, Woodward and Noah Cole, and stated that unless the same was paid suit would be instituted.

Knowing that Dr. Woodward had the $3,785.91 in his hands, and expecting to receive it from him and thus reduce the total of its account to $3,390.01 on the Martins Creek building, and $3790.36 on the Limestone Cove building, a total of $7,180.37, the M. F. Parsley & Company, Inc., on November 27, 1923, settled with one of the sureties, Mr. Noah Cole, for $1795.09.

Later Dr. Woodward paid the $3,785.91 over to M. F. Parsley & Company, Inc., and the total of its unpaid claim or account on both buildings was thus reduced to $5385.30.

On December 12, 1923, M. F. Parsley & Company, Inc., filed the bill in this cause, the main object of which was to recover this $5,385.30 from Cole & Miller and the three sureties, M. F. Parsley, J. F. Anderson and Dr. W. T. Woodward, although the bill also made Unicoi county, the board of education, and the members of the board of education, parties defendant, as was Mr. Noah Cole.

On final hearing the bill was dismissed as to Mr. Noah Cole, the county, the board of education and the several members thereof, and final judgment was rendered in favor of M. F. Parsley & Company, Incorporated, against E. L. Cole and N. T. Miller, the contractors, as a partnership and as individuals constituting the same, and against M. F. Parsley, J. F. Anderson and Dr. W. T. Woodward, as sureties on the bond of Cole & Miller, for the sum of $5385.39, principal, and $567.24, interest, making a total recovery of $5,952.63, and the costs of the cause.

From this decree N. T. Miller and Dr. Woodward have appealed to this court and assigned two errors, both based on defenses made by their answers and relied upon at the hearing.

The second assignment of error, if we understand it correctly, questions the amount of the recovery. We have carefully examined the evidence, as well as the exhibits, and are of opinion that it amply sustains the amount of recovery allowed by the chancellor. In fact we do not think the evidence admits even a doubt as to the correctness of the amount allowed, and the second assignment of error is overruled.

The first assignment of error makes the question that there can be no recovery in favor of complainant because of Shannon's Code, sections 1133 and 1134, which are as follows:

"1133. It shall not be lawful for any officer, committeeman, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend, any work or any contract in which any public municipal corporation, county, or the State, shall or may be interested, to be directly or indirectly interested in any such contract."

"1134. Should any person, acting as such officer, committeeman, director, or other person above referred to, be or become directly or indirectly interested in any such contract, he shall forfeit all pay and compensation therefor."

These sections have been under consideration by the Supreme Court in Hope v. Hamilton County, 17 Pickle, 325; Madison County v. Alexander, 8 Cates, 687; City of Knoxville v. Christenberry, 147 Tenn., 286.

Since the statute prohibits the officer from being even "indirectly" interested, and since M. F. Parsley owned all of the capital stock of M. F. Parsley & Company, Inc., we think the case should be tested, in so far as the statute is concerned, from the standpoint of Mr. Parsley and the corporation being the same person. The correctness of this is illustrated and shown by the fact that although M. F. Parsley & Company, Inc., was suing and seeking a recovery from Mr. M. F. Parsley (its sole stockholder) and from Mr. J. F. Anderson (its active manager) as well as from Cole & Miller and the other surety, nevertheless these two gentlemen were the two main witnesses for the M. F. Parsley & Company, Incorporated, and were active in assisting it to procure a judgment against themselves, along with Cole & Miller, and Dr. Woodward, the other surety.

As has been stated, Mr. M. F. Parsley was chairman of the county court at the time the contracts were let to Cole & Miller, and at the time the buildings were being constructed. But the record does not show how long he had been chairman, whether he was chairman at the time the matter was before the county court (as we suppose of course it must have been), nor how he voted, if he was the chairman at that time.

The record shows that M. F. Parsley & Company, Inc., furnished Cole & Miller the $200, with which to deposit the certified check with their bids, and that it had an agreement with Cole & Miller to furnish them the materials if their bids were accepted. It also shows that Mr. Parsley talked to Mr. C. H. Erwin, who was a member of the board, and recommended to him that the bids of Cole & Miller be accepted, but it does not appear that he used any undue influence with Mr. Erwin. We think the record also shows that

Mr. Parsley used what influence he had with some of the various other members of the board to the end that the bids of Cole & Miller be accepted, but we do not think he used any improper or sinister methods. As found by the chancellor:

"There is no indication that any advantage was gotten by anybody in the letting of these contracts. On the contrary, the record shows that they were taken several thousand dollars too low, if the contractors were to have a reasonable profit; and that the public, contrary to what usually occurs, was not only not harmed, but really saved a considerable amount by getting the buildings below their actual value or reasonable cost."

Had M. F. Parsley & Company, Inc., contracted with the board to construct the buildings, and had Mr. M. F. Parsley been a member of the board, the statute would clearly have been violated. Had M. F. Parsley &'Company, Inc., contracted with the board to construct the buildings, the statute might have been violated merely by reason of the fact that Mr. M. F. Parsley was the chairman of the county court. But M. F. Parsley & Company, Inc., did not contract to construct the buildings, and only contracted with Cole & Miller to furnish them materials, and by furnishing the materials to Cole & Miller, the M. F. Parsley & Company, Inc., did not acquire a lien on the buildings, and in that way acquire a claim against the board or county, and it could only look to Cole & Miller and the sureties on their bonds for payment.

It seems to us, therefore, that Mr. M. F. Parsley not being a member of the board, and the record not even showing that as chairman of the county court he voted on the matter when it was before the county court, and M. F. Parsley & Company, Inc., not contracting with the board to construct the buildings, but only contracting with Cole & Miller to furnish them the materials, it would be stretching the statute too far to deny M. F. Parsley & Company, Inc., a recovery in this case against Cole & Miller and their sureties on the bonds which they executed. The first assignment of error is, therefore, overruled.

The decree of the lower court against the defendants who did not pray or perfect an appeal to this court, will be affirmed, and a decree will be entered in this court in favor of M. F. Parsley & Company, Inc., and against N. T. Miller and W. T. Woodward, principals, and I. R. Roberts and G. B. Woodward, sureties on the appeal bond, for the sum of $5952.63, with interest from May 18, 1925, and the costs of the cause, including the appeal.

Snodgrass and Portrum, JJ., concur.