W. J. SAVAGE *et al. v.* H. F. MYNATT *et al.*\*

(*Knoxville,* September Term, 1927.)

Opinion filed November 21, 1927.

1. PUBLIC OFFICERS. PUBLIC CONTRACTS. COMPENSA-
TION.

A public official who contracts with himself will not be allowed
to recover on such contract. (Post, p. 121.)

Citing: Secs. 1133, 1134, 1135, Shannon's Code (1917 Edition); Madi-
son Co. v. Alexander, 116 Tenn. (8 Cates) 685; McHenderson v.
Anderson Co., 105 Tenn. (21 Pick.), 591; Holtzclaw v. Hamilton
Co., 101 Tenn. (17 Pick.), 338.

2. PUBLIC OFFICERS. CONTRACTS. ILLEGALITY.

It is not only unlawful for any public official connected as de-
scribed with any public work or contract to be directly, or in-
directly, interested therein, but, by way of penalty, such person
so connected shall forfeit all pay and compensation thereof, and
shall be dismissed from such office, and be ineligible for the same
or a similar position for ten years. (Post, p. 122.)

Citing: Shannon's Code, secs. 1133, 1134, 1135; Jones v. Thomas, 52
Tenn. (5 Cold.), 567; Henly v. Franklin, 50 Tenn. (3 Cold.), 472;
Knoxville v. Christenberry et al., 147 Tenn. (20 Thomp.), 286;
Sparks v. Jasper Co., 213 Mo., 218; Burns v. Nashville, 142 Tenn.
(15 Thomp.), 541.

3. PUBLIC OFFICIALS. ILLEGAL CONTRACT. FORFEITURE.
RIGHT OF RECOVERY.

The word forfeiture as used in our statute embraces not only the
refusal of payment, but the right to compel repayment of funds
made against the provisions thereof. (Post, p. 123.)

4. PUBLIC OFFICIALS. ILLEGAL CONTRACT. STATUTE
CONSTRUED.

While the rule of law that where there has been a complete per-
formance of a contract on both sides and it is fair and reasonable

in fact, there can be no recovery of the consideration by the municipal corporation where it retains and enjoys the benefit of the contract, and where it cannot or will not restore the property acquired by the contract, even though the contract be one which the law denounces as illegal, has been recognized in this State, it does not apply in an action to recover under the Code sections above quoted. (Post, p. 124.)

Citing: Knoxville v. Christenberry, 147 Tenn. (20 Thomp.), 286.

### 5. PUBLIC OFFICIALS. ILLEGAL CONTRACT.

The sections of the Code quoted only apply to cases where the contract is with the officers themselves. (Post, p. 125.)

Citing: Burns v. City of Nashville, 142 Tenn. (15 Thomp.), 341; Sections 1133-1135, Shannon's Code (1917 Edition).

---

*Headnotes 1. Municipal Corporations, 28 Cyc., p. 650.

---

### FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— HON. CHARLES HAYS BROWN, Judge.

WEBB, BAKER & EGERTON and FOWLER & FOWLER, for complainant.

KENNERLY & KEY, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill in this case was filed in the Chancery Court by taxpayers of the City of Knoxville to recover from the Commissioners of the City and from Messrs. Myatt and Lee, holding minor official positions in the City Government, certain sums alleged to have been paid to these minor officials unlawfully on contracts and work done

for the City, in which it was alleged that these officials were directly interested. The Chancellor dismissed the bill as to the Commissioners and this action was affirmed by the Court of Appeals and a petition for *certiorai* to review this action was refused by this Court.

(1) The petition of Mynatt and Lee, defendants below, for a review of the decree of the Court of Appeals as to them, has been granted and argument has been heard. That Court on appeal reversed the decree of the Chancellor, ordering a reference to fix, in effect, the amount of the liability of said defendants above named, being any sum which had been paid to them for their use by the City of Knoxville of trucks owned by them in excess of a fair *quantum meruit* compensation. The Court of Appeals was of opinion that these defendants were liable for the entire sum received by them from the City for the use of said trucks. That Court gave effect to the charter provisions making it unlawful for City officials to receive compensation from the City for work done or contracts performed for the City, when the work or contracts came under the supervision of the officers thus interested; and also, and more especially, Shannon's Code, Sections 1133, 1134 and 1135, reading as follows:

"Sec. 1133. It shall not be lawful for any officer, committeeman, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend, any work or any contract in which any public municipal corporation, county, or the State, shall or may be interested, to be directly or indirectly interested in any such contract."

"Sec. 1134. Should any person, acting as such officer, committeeman, director, or other person above referred to, be or become directly or indirectly interested in any

such contract, he shall forfeit all pay and compensation therefor."

"Sec. 1135. Such officer shall be dismissed from such office he then occupies, and be ineligible for the same or a similar position for ten years."

Conceding, but not deciding, that the sum of $15,527.50 received by Myatt and Lee was but fair compensation for the use of the trucks in the service of the City, it must also be conceded on the record that the transaction, and these parties, in their relation to the City, were within the broad classification set out in the statute, *supra*. Construing these provisions, this Court has definitely settled that an official will not be allowed to recover, without regard to the value or extent of the services furnished, whenever such official was within the terms of the statute. *Madison Co.* v. *Alexander*, 116 Tenn., 685.; *McHenderson* v. *Anderson Co.*, 105 Tenn., 591; *Holtzclaw* v. *Hamilton Co.*, 101 Tenn., 338.

*(2)* The insistence made on behalf of petitioners— and this is the determinative question here—is that compensation having been fully paid in this case, and this being a suit to recover back payments made on an executed contract, for which the City received value, the rule supported by the above cited authorities is without application. The following line of cases is relied on: *Jones* v. *Thomas*, 5 Cold., 567; *Henly* v. *Franklin*, 3 Cold., 472; *Knoxville* v. *Christenberry et al.*, 147 Tenn., 286; *Sparks* v. *Jasper Co.*, 213 Mo., 218.; *Burns* v. *Nashville*, 142 Tenn., 541, and others.

In none of these cases was the statute invoked and applied by the Court of Appeals construed on a state of facts such as are presented in the instant case. It will be seen that by these Code Sections, *supra*, it is plainly provided, not only that, "it shall not be lawful" for any

person connected as described with any public work or contract to be directly, or indirectly, interested therein, but, by way of penalty, that any such person so connected with any such contract, "shall forfeit all pay and compensation therefor;" and further, by Section 1135, "such officer shall be dismissed from such office he then occupies, and be ineligible for the same or a similar position for ten years."

(3) It was the evident intent of the lawmakers to meet a serious menace to public funds by drastic and far-reaching provisions. The language "shall forfeit all pay and compensation therefor" would appear to embrace, not only a refusal of payment, but the right to compel repayment when made in the teeth of the statute. The word "forfeit" is inclusive of both remedies. It is commonly employed in connection with penalties for the recovery of which actions may be maintained. For example, if any person holds an election in any other manner than as required by law, "he shall *forfeit* and pay the sum of five hundred dollars, to be recovered by action of debt," etc. Bouvier defines "forfeit" as, "To lose as the penalty of some misdeed or negligence. The word includes not merely the idea of losing, but also of having the property transferred to another without the consent of the owner or wrongdoer."

Looking to the manifest object of the legislation, as well as the language employed, we are unable to agree that its effect is to be so limited as to defeat a right of recovery of sums already so unlawfully paid. To so hold would leave open to corrupt officials handling public funds, who oftentimes are alone advised of the facts at the time of payment, unlimited opportunity to violate the law and protect themselves in their unlawfully gotten gains.

(4) We find nothing in any of the authorities relied on for petitioners inconsistent with the conclusion thus announced. Perhaps the strongest and clearest statement of the rule invoked is to be found in the following excerpt quoted in brief of counsel from *Sparks* v. *Jasper County,* 213 Mo., 218. ''The law is that where there has been a complete performance of the contract on both sides and it is fair and reasonable in fact, there can be no recovery of the consideration by the municipal corporation where it retains and enjoys the benefit of the contract, and where it cannot or will not restore the property acquired by the contract, even though the contract be one which the law denounces as illegal, and which could not be enforced on that account.'' It may be conceded that the rule thus stated has been recognized and approved in our Tennessee cases, but in none of our cases is this rule applied in an action to recover on the Code Sections above quoted. On the contrary, in *Knoxville* v. *Christenberry,* the Court uses this distinguishing language: ''Conceding that it [the municipality] under the statute could not contract with these defendants to perform the services, there was no legal prohibition against their payment for the services after they were received. The transaction does not involve in any aspect a rendering of services in pursuance of a contract which the law prohibits being made. . . . Not only does the case not involve the enforcement of a contract made in violation of a statute, but it is not even a case where a benefit was received as the result of or in pursuance of a contract. . . . There being an entire absence of any violation of the statute,'' etc. In the instant case we have the case of a contract made in direct violation of a statute with which, as plainly stated, the Court was not dealing in *Knoxville* v. *Christenberry, supra.*

*(5)* And so in *Burns* v. *City of Nashville, supra,* the Court was dealing with irregularities in the making of the contract, saying that, ''it is conceded that the City authorities had the power to make all of said contracts; the sole contention being that they were made in an illegal manner.'' After quoting the Code Sections now before us, the Court said: ''These Sections of the Code only apply to cases where the contract is with the officers themselves. This is manifestly true because it is provided that the officer shall forfeit all compensation. While the contracts complained of by complainants are those let without advertising, or to some person, firm or corporation in which a relative was interested.'' And further construing the charter sections relied on in that case, the Court said: ''It will be noted that section 16 of the charter does not provide that any person who is or becomes directly or indirectly interested in any contract let by the City shall forfeit all compensation received under said contract. In this respect said section materially differs from section 1134 of the Code above quoted.'' The Court proceeds to further distinguish the transactions complained of in that case from those now under consideration, and it was only after finding that the transaction complained of in that case did not come within the provisions of Sections 1133-1135 of the Code that the Court gave application to the rule invoked on behalf of petitioners herein. Far from sustaining the insistence now made on behalf of petitioners, the opinion in *Burns* v. *City of Nashville* by plain inference recognizes that a different rule would apply if the facts in that case had brought the transaction within the terms of these sections of the Code. The general language in that opinion denying the right of recovery must be held to have application to the facts found, and nothing there-

in can properly be construed as denying the right, not only to refuse payment to any officer or other person whose duty it is to in any manner superintend any work or contract for any public municipal corporation, but the right to recover, in enforcement of the forfeit therein expressly provided for, any compensation which has been thus unlawfully paid.

It results that the decree of the Court of Appeals must be affirmed.