## H. L. HAMMON v. H. T. V. MILLER.

Middle Section. July 2, 1931.

Petition for Certiorari denied by Supreme Court, December 19, 1931.

F. S. Hall, of Dickson, for appellant, Miller.

J. B. White and Earl A. Brown, both of Dickson, J. R. Morris and Mack Simpson, both of Waverly, for appellee, Hammon.

CROWNOVER, J. The bill in this cause was filed by H. L. Hammon in his own behalf and for the other citizens and taxpayers of the town of Dickson, Tennessee, against H. T. V. Miller, who was and is mayor of said town, to recover certain sums alleged to have been paid to him unlawfully on contracts with, and for work done for, the town of Dickson while mayor, and in which contracts it was alleged he was interested.

The Chancellor held and decreed that complainant, for the use and benefit of the town of Dickson, have and recover of the defendant, H. T. V. Miller, $3470.65.

From this decree defendant has appealed to this court and has assigned eight errors, which raise the following questions:

(1) That the statutes (Shannon's Code, secs. 1133-5) providing that no person holding office under any municipal corporation shall be capable of contracting with such a corporation for the performance of any work which is to be paid for out of the treasury, do not apply to the Mayor of Dickson, because the charter of the town of Dickson does not make it the duty of the mayor to vote for letting out the contracts or to overlook or superintend any work on any contracts of the town.

(2) That the provisions of the Code making it unlawful for officers of municipal corporations to contract with and receive compensation from such corporations, do not prohibit the payment of such compensation for services rendered where there was no prior contract or agreement.

(3) That the Chancellor erred in rendering a decree against the defendant for the several sums set out in the decree, and especially for the amount paid the defendant for personal services and $430.90 for the use of the truck and concrete mixer and $17.85 for supplies bought by the defendant and delivered to the town.

The town of Dickson, Tennessee, is an incorporated town. Its charter is set out in chapter 274 of the Private Acts of 1925, and provides for a Board of Mayor and Aldermen.

H. T. V. Miller was elected mayor of the town in September, 1925, and re-elected in September, 1927. His official salary was $150 a year, which was paid quarterly.

During Miller's administration the town of Dickson caused sewers to be constructed, sidewalks laid and streets paved, and erected a school building. The Board of Mayor and Aldermen employed Miller as supervisor of all this work and paid him $5 a day, in addition to his salary as mayor. The street and sewer work was contracted to construction companies, but Miller acted as a general supervisor, watching over the town's interests. The school building was erected by the City Counsel and the School Board. Contractors in the different lines of construction were hired to manage the work, but Miller acted as a general supervisor. He also rented his company's concrete mixer and truck to the town, at times, for which he received compensation.

The bill in this cause was filed on August 5, 1929. Between October, 1926, and August 5, 1929, Miller was paid by the town, in addition to his salary as mayor:

| | |
|---|---:|
| For personal services | $2962.50 |
| For supplies | 17.85 |
| For expenses | 255.65 |
| For truck and concrete mixer | 490.30 |
| Total | $3726.30 |

The Chancellor rendered a decree against Miller for this amount less $255.65 (expenses), or for $3470.65 and costs.

Shannon's Code provides:

"Sec. 1133. It shall not be lawful for any officer, committeeman, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend, any work or any contract in which any public municipal corporation, county, or the state, shall or may be interested, to be directly or indirectly interested in any such contract."

"Sec. 1134. Should any person, acting as such officer, committeeman, director, or other person above referred to, be or become directly or indirectly interested in any such contract, he shall forfeit all pay and compensation therefor."

"Sec. 1135. Such officer shall be dismissed from such office he then occupies, and be ineligible for the same or a similar position for ten years."

"Sec. 1995. No person holding office under any municipal corporation shall, during the time for which he was elected or appointed, be capable of contracting with such corporation for the performance of any work which is to be paid for out of the treasury. Nor shall such person be capable of holding

or having any interest in such contract, either by himself or by another, directly or indirectly.''

The case of Savage v. Mynatt, 156 Tenn., 119, 299 S. W., 1043, is conclusive that recovery of the illegal payments may be had from an individual, who, while an officer of a municipal corporation, enters into a contract in which he has an interest or renders service to the municipality for which he illegally receives compensation.

Defendant contends, (1) that under the charter of Dickson the mayor was not such an officer as is described in Sec. 1133 of the Code; and (2) that no contract was made for his services, and that under the decision in the case of Knoxville v. Christenberry, 147 Tenn., 286, 247 S. W., 98, the municipality was not prohibited from compensating him for services by which the town was benefited.

1. Sections 1995 and 1133 of the Code and the cases, Savage v. Mynatt, supra; Madison County v. Alexander, 116 Tenn., 685, 94 S. W., 604; Hope v. Hamilton County, 101 Tenn., 325, 47 S. W., 487, hold that no public official may contract with the body of which he is a member, and that he will not be allowed to recover on such contracts. In the case of Savage v. Mynatt, supra, Mynatt and Lee held minor official positions in the city government. In the case of Hope v. Hamilton County, supra, Hope was a member of the County Court. The mayor of a town is the principal officer of same. He presides over the meetings of the board and casts the deciding vote in case of a tie. If the above quoted sections of the Code apply to minor officials, we think the question of whether they apply to the mayor of a town is one that needs no discussion.

2. There is no record of a contract having been entered into between Miller and the town of Dickson. But he was employed by the town about two-thirds of the time over a period of about three years, always at the same rate of $5 a day. He was paid usually at the end of each week. There are orders on the minutes directing the payment to him of compensation for services that it appears he had already performed. But there are no minute entries for all of these payments to him. He received approximately two hundred warrants. The record shows only two minute entries ordering payments to be made to him for services performed. He signed a great many of these warrants himself. Some of them were signed by the finance committee appointed by him. We think the whole record shows a tacit understanding between Miller and the Board of Aldermen that Miller was to receive $5 a day for work whenever there was any work being done for the town which he supervised.

Defendant relies on the case of Knoxville v. Christenberry, 147 Tenn., 286, 247 S. W., 98. Mayor Christenberry was awarded two hundred dollars for ''extraordinary services and expenses incurred.''

The Supreme Court held that this was not prohibited by Code sec. 1133; that the recompense was not made as a result of any contract; "that if an officer of a municipality, in the discharge of his duties, incurs expenses which the municipality accepts the benefits of, there is nothing illegal in repaying to him his expenses, if the same be fair and honest and free from suspicion and fraud." The Christenberry case has no application to this case, as the facts are different.

If the statute may be evaded in this manner wtih impunity, its whole purpose would be avoided, and it would thereby become a nullity.

The municipality may maintain suit to recover payments made in violation of the statutes. Savage v. Mynatt, 156 Tenn., 123.

3. The assignment that the Chancellor erred in holding that the town of Dickson was entitled to recover $17.85 for supplies bought by the defendant and delivered to the town, must be sustained for the reason that the complainant did not set out this item in the bill, and it appears that he was not seeking a recovery for this sum. During the taking of the proof this item was brought up and the following statements were made by counsel for both sides:

"MR. HALL: 'Shall I ask him anything about the supplies and these expenses, or is it agreed that these expenses and purchases are all right?'

"MR. MORRIS: 'It is agreed that no question will be asked as to the supplies purchased by the town and Mr. Miller's expense account. The question is on the town's payments to him for personal services.' "

This item was dropped and nothing further was proven about it other than that he had collected $17.85 for supplies purchased by him for the town. In view of these statements we do not think that the town should recover this item. Parties are bound by the oral statements and agreements made by their attorneys in open court. Utley v. Railroad, 22 Pickle, 242, 61 S. W., 84; Fuller v. Jackson, 62 S. W., 274.

All of the assignments of errors, except the fifth assignment, must be overruled, and the decree of the Chancellor as modified will be affirmed. A decree will be entered in this court for $3452.80 together with interest thereon from October 30, 1930, to the present, in favor of appellee, Hammon, for the use and benefit of the Town of Dickson, and against the appellant, H. T. V. Miller, and the sureties on his appeal bond. The cost of the cause including the cost of the appeal is also adjudged against appellant and the sureties on his appeal bond. For all of which executions may issue.

Faw, P. J., and DeWitt, J., concur.