**STATE of Tennessee for the Use and Benefit of the TOWN OF NEWBERN, Tennessee, on Relation of Brown FLOWERS, et al., Appellants,**

v.

**Murray FLATT et al., Appellees.**

Supreme Court of Tennessee.

Jan. 7, 1974.

Rehearing Denied March 4, 1974.

A. D. Walker, Jr., Dyersburg, for appellants.

Ralph W. Farmer, Ewell & Farmer, Dyersburg, for appellees.

OPINION

CHATTIN, Justice.

Ten residents and citizens of Newbern filed this action in the name of the State of Tennessee for the use and benefit of the Town of Newbern against Murray Flatt and Murray Flatt, doing business as Flatt Electric Company.

The complaint alleged the Town of Newbern is a municipal corporation organized and existing under Chapter 450, Private Acts of 1901 of the State of Tennessee.

The complaint further alleged by Chapter 112 of the Private Acts of 1967 of the State of Tennessee there was created, as a department of the Town of Newbern, the Newbern Rural Waterworks System which was approved by the necessary two-thirds vote of the Board of Mayor and Aldermen of the Town of Newbern prior to July 1, 1967.

It was then alleged Flatt, as Mayor of the Town of Newbern and in charge of the Newbern Rural Waterworks System, had entered into contracts with Flatt Electric Company and had drawn checks on the Town payable to that Company in payment of services by the Company to the Newbern Rural Waterworks System in the total amount of $30,744.70 in violation of T.C.A. Sections 6–626 and 6–627.

The prayer of the bill was that the Town of Newbern have and recover a judgment in the amount of $30,744.70 against Murray Flatt and Murray Flatt, doing business as Flatt Electric Company.

Defendants below, appellees herein, filed a motion to dismiss on the ground the complaint failed to state a claim upon which relief could be granted. At the same time appellees filed an answer to the complaint.

This motion was heard on October 8, 1971, and overruled. Thereafter, the cause was set for a hearing on May 1, 1973. The Chancellor ordered a conference to be held with the respective parties and their Counsel on April 30, 1973, to dispose of any preliminary matters.

On April 25, 1973, appellees filed a motion for summary judgment upon the alleged ground that the complaint failed to state a cause of action upon which relief could be granted.

On April 27, 1973, appellants filed a motion to strike appellees' motion for summary judgment.

The Chancellor overruled appellants' motion to strike. At the final hearing on the motion for summary judgment, the facts were stipulated and incorporated in the final decree of the Chancellor which sustained appellees' motion for summary judgment and dismissed the complaint without prejudice.

Appellants perfected an appeal to this Court and have assigned eight assignments of error. However, we think it is only necessary for us to consider only the third assignment since we are of the opinion it is meritorious and should be sustained and the case remanded for a trial on its merits.

The third assignment of error insists the Chancellor erred in granting the motion for summary judgment because the complaint was properly brought under T.C.A. Sections 6–626 and 6–627, which provide, respectively:

"No person holding office under any municipal corporation shall, during the time for which he was elected or appointed, be capable of contracting with such corporation for the performance of any work which is to be paid for out of the treasury. Nor shall such person be capable of holding or having any interest in such contract; either by himself or by another, directly or indirectly."

"Every officer of such corporation who shall be concerned in making such contract, or who shall pay money upon the same to or for any person declared

incapable in Section 6–626, shall forfeit the amount so paid; and they shall be jointly and severally liable to an action for the same, which action may be prosecuted by any citizen of the corporation in its name."

The Chancellor held appellants could not proceed under T.C.A. Sections 6–626 and 6–627 because those "statutory provisions apply to municipalities incorporated under the General Municipal Incorporation provision of Chapters One and Two of Title 6 of the Tennessee Code and specifically to municipalities adopting a Mayor-Aldermanic form of government or if not so incorporated then adopting said provisions of Title 6 subsequent thereto;" and that the Town of Newbern was incorporated by a Private Act by the legislature and had not subsequently adopted the provisions of Title 6 of the Tennessee Code Annotated.

In arriving at this conclusion it is obvious the Chancellor relied upon T.C.A. Section 6–120 and T.C.A. Section 6–201, which provide as follows, respectively:

"Upon such registration, the petitioners and their successors, and all others residing within said district, shall be incorporated and be vested with all the rights incident to corporations. They shall, by the name they select, have perpetual succession, and may have a common seal, sue and be sued, plead and be impleaded, have, receive, purchase, and hold property, real or personal, and grant, sell, or dispose of the same for the use and benefit of said corporation; and shall be entitled to all the rights and powers, and be controlled by all the restrictions and regulations contained and set forth in Chapters 1 to 17, inclusive, of this Title."

"All municipalities organized or amending their charters, under Chapter 1 of this title, shall be controlled by and subject to the limitations and restrictions of this Chapter."

However, the mere fact all municipalities organized or which have amended their charters under Title 6 Chapter 1 of T.C.A. shall be controlled by all restrictions and regulations set forth in Title 6 Chapters 1 to 17, inclusive, does not mean T.C.A. Sections 6–626 and 6–627 do not apply to municipalities incorporated by Private Acts of the legislature.

T.C.A. Sections 6–626 and 6–627 were enacted in 1857–1858 and appeared in the Code of 1858. Thus, these sections have been the law for more than one hundred years.

T.C.A. Sections 6–120 and 6–201 were enacted in 1875, some seventeen years later and first appeared in Shannon's Code.

Accordingly, T.C.A. Sections 6–626 and 6–627 applied to municipalities organized prior to the enactment of T.C.A. Sections 6–120 and 6–201. Hammon v. Miller, 13 Tenn.App. 458 (1931).

T.C.A. Section 1–308 provides:

"Code as continuation of existing law. —For the purposes of construction, the provisions of this Code insofar as they are substantially the same as existing law relating to the same subject matter shall be construed as continuations of and substitutes for the previously existing law repealed by Section 1–204. It is not the purpose of this Code to change the effect of any such existing law."

Furthermore, Chapter 6, Sections 601 through 657 is titled "Municipal Powers Generally" and apply to all cities, towns and municipalities in this State.

The decree of the Chancellor is reversed and the case remanded for a trial on its merits.

Appellants will pay the costs of this appeal. The costs below will await the final outcome of the case.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, S. J., concur.