**STATE of Tennessee, ex rel. Carl K. KIRKPATRICK, Plaintiffs-Appellants,**

**v.**

**Harold TIPTON and Tipton Construction Company, Inc., Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 16, 1984.

Certiorari Denied by Supreme Court April 23, 1984.

William P. Sizer, Asst. Atty. Gen., Nashville, for plaintiffs-appellants; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

Shelton B. Hillman, Jr., Gore & Hillman, Bristol, for defendants-appellees.

D. Bruce Shine, Kingsport, for Blountville Utility Dist., as amicus curiae.

OPINION

FRANKS, Judge.

Plaintiffs appeal the refusal of the chancellor to award plaintiffs any part of the contract price in a contract between Blountville Utility District and Tipton Construction Company, Inc., as a penalty pursuant to T.C.A., § 12–4–102.[1]

On May 17, 1977, the Blountville Utility District, established pursuant to the Utility District Law, T.C.A., § 7–82–101 et seq., entered a contract with Harold Tipton to be manager of the utility and another contract which provided that Tipton Construction Company would perform normal maintenance for the utility district. At the time, Harold Tipton served as president and majority stockholder of the construction company.

Relying on T.C.A., § 12–4–101,[2] the District Attorney for Sullivan County filed suit in chancery court, seeking damages against Harold Tipton for the amount of the salary of $9,456.82 he received as manager of the utility district and against Tipton Construction Company for the amount received under its contract with the utility district, or $159,578.10. From an adverse judgment before the chancellor the plaintiffs appealed to this court. This court reversed the judgment as to Harold Tipton, ordering him to repay all of the compensation he received for acting as the manager of the utility district and, as to the claim against the construction company, the court said:

However, we decline to award as damages all monies paid by the Utility District to Tipton Construction Company. T.C.A. 12–4–102 provides that the quantum of damages awarded is to be equal to the "pay and compensation" the interested party received. With the record in its present state of development, we have no way of ascertaining what portion, if any, of the monies paid to Tipton Construction Company may be deemed "pay and compensation" to Harold Tipton. Therefore, that portion of this cause is remanded to the Trial Court for a determination of this question.

Upon remand, the Office of the Comptroller of the Treasury conducted an audit of the records of the defendant company

---

1. T.C.A., § 12–4–102.—*Penalty for unlawful interest.*—Should any person, acting as such officer, committeeman, director, or other person referred to in § 12–4–101, be or become directly or indirectly interested in any such contract, he shall forfeit all pay and compensation therefor. Such officer shall be dismissed from such office he then occupies, and be ineligible for the same or a similar position for ten (10) years.

2. T.C.A., § 12–4–101. *Personal interest of officers prohibited.*—It shall not be lawful for any officer, committeeman, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend, any work or any contract in which any municipal corporation, county, state, development districts, utility districts, human resource agencies, and other political subdivisions created by statute shall or may be interested, to be directly or indirectly interested in any such contract.

and, on a further trial of the issue framed by this court, an accountant from that office testified the construction company made a small profit on the job; however, he could not verify the cost of certain pipes used by the company. Defendant Tipton testified that the construction company could only have made money on the project over an extended period of time and that no profit had been made about the time the complaint was filed by plaintiffs and the work stopped. Tipton explained the company bought pipes by the truck load to be used on all of its jobs and that when a piece of pipe was used on a particular job, that job was charged the market rate for the pipe.[3]

The evidence further established Tipton and his sister were salaried officers of Tipton Construction Company and Tipton's salary remained constant before and during the performance of this contract. No dividends were distributed during the time of the contract. Plaintiffs' accountant testified that Tipton's salary was derived from the overhead charged to the company's construction projects. From the Blountville Utility District contract the accountant, employing standard accounting principles, concluded Tipton received $4,975.02. The trial court, at the conclusion of the evidentiary hearing, ruled in pertinent part:

> The Court is of the opinion and finds that of the monies actually paid by Blountville Utility District to Tipton Construction Company for the services performed and materials furnished during the period of time here in question, the

Defendant, Harold Tipton, actually received no pay and compensation therefrom. When the entire issues are taken from the record and the evidence in this case, the Court is constrained to find that there must be some allowance for this pipe that admittedly was used and for which the District received the benefit of. And, as a result, the Plaintiff here has failed to carry the burden of proof to show that the Defendant, Harold Tipton, received "pay and compensation" as a result of the dealings between Tipton Construction Company and Blountville Utility District.

On appeal, plaintiffs argue Tipton Construction Company should pay back all it received under the contract, or in the alternative, 60 per cent of the amount received since Harold Tipton is a 60 per cent stockholder of the corporation. While this contention is not without merit,[4] we are bound by this court's directive to the chancellor[5] as the law of the case. See Central Bank & Trust Co. v. Cohn, 150 Tenn. 375, 264 S.W. 641 (1924).

The issue before us is whether Harold Tipton received any compensation from the utility district's contract with the corporation. If so, he must "forfeit all pay and compensation" regardless of whether a profit was realized. See Savage v. Mynatt, 156 Tenn. 119, 299 S.W. 1043 (1927).

The chancellor held that Tipton did not receive any pay and compensation since the corporation made no profit on the transaction. As to stock dividends or any increase

---

3. The profit found by the accountant was primarily based on the lack of invoices for piping used on the job. There is no suggestion in the record that the piping was not used.

4. As a general rule, where a statute imposes penalties for making contracts, it implicitly forbids parties from making such contracts and, where the contract is prohibited, whether expressly or by implication, it is illegal and cannot be enforced, Mascari v. Raines, 220 Tenn. 234, 415 S.W.2d 874 (1967) and, as Judge McAmis noted in Crass v. Walls, 36 Tenn.App. 546, 259 S.W.2d 670 (1953), where monies are paid pursuant to such contracts in violation of T.C.A., § 12–4–101, et seq., our courts have uniformly,

for more than 100 years, ordered repayment of the monies without considering the issue of good faith or whether a profit was made on the venture. Id., at 553, 259 S.W.2d 670. Also see Parsley & Co., Inc. v. Cole & Miller, 1 Tenn.App. 714 (1926).

5. The mandate of this court was clear in the prior opinion, State of Tennessee, ex rel. Kirkpatrick, et al. v. Harold Tipton, et al., filed September 12, 1980, with permission to appeal denied by the Supreme Court June 1, 1981, and on further trial the evidence offered related to the issue of what, if any, benefits accrued directly or indirectly to Harold Tipton personally from the contract with the defendant corporation.

in Tipton's stock value, the evidence does not preponderate against the chancellor's determination. T.R.A.P., Rule 13(d). However, as to Tipton's salary as an officer of the corporation, the evidence preponderates to the contrary. The testimony of the state accountant based upon generally accepted accounting principles, was that Tipton's salary was derived from overhead charged to each job done by Tipton Construction Company and the accountant concluded that Tipton received $4,975.02 in salary from the overhead charged and allocated to the Blountville Utility District contract. The fact that Tipton's salary as a corporate officer did not increase during the term of the contract does not detract from the accountant's assessment of the sources of Tipton's salary. This amount is properly deemed "pay and compensation" received by Tipton on this contract within the meaning of the statute.

We enter judgment against Tipton in the amount of $4,975.02, together with all the costs of the cause on appeal, and remand.

PARROTT, P.J., and GODDARD, J., concur.