IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MARCH 3, 2005 Session

# CITY OF NEW JOHNSONVILLE v. KEVIN E. HANDLEY, ET AL.
## and
# GENE PLANT, ET AL. v. KEVIN E. HANDLEY, ET AL.

**Direct Appeal from the Chancery Court for Humphreys County**
**Nos. CH-01-179 & CH-01-211     Robert E. Burch, Chancellor**

_____

**No. M2003-00549-COA-R3-CV - Filed August 16, 2005**

_____

**KIRBY, J., concurring**:

I agree with the careful reasoning in the majority opinion, with clarification on the remedy ultimately available. Here, ouster of the public official alleged to have engaged in self-dealing, Handley, is likely a moot issue, since the record apparently indicates that his term of office as Councilman ended the day before the settlement with the City. The settlement, however, left the Handleys with a handsome profit from the land transaction at issue, profit that the Taxpayers apparently allege should be disgorged as the product of the wrongdoing.

*State ex rel. J. H. Wallen v. Miller*, 304 S.W.2d 654 (Tenn. 1957), discussed at length by the majority, indicates that disgorgement of funds received in violation of law by a public official, could be obtained under Tennessee Code Annotated Sections 12-401 and 402. *Id.* at 656-657. These statutes are, of course, the predecessor to the present Tennessee Code Annotated § 12-4-101, *et seq.*, which Councilman Handley is accused of violating. T.C.A. § 12-4-101 (1999).

In *Wallen*, citizens of Hamilton County filed suit against defendant Miller, alleging that he had purchased school buses in the names of others, and then, acting as chairman of the Board of Education, entered into contracts for these buses on behalf of the Board of Education. *Wallen*, 304 S.W.2d at 500. The plaintiff citizens alleged that this was in violation of then existing T.C.A. § 12-401 et seq. The penalty for violating both the prior version of the statute and the current version is to "forfeit all pay and compensation therefor." T.C.A. § 12-4-102 (1999). Based on this alleged violation, the plaintiffs in *Wallen* sought to have the defendant "removed from office and declared to be ineligible for the same or similar position for ten years and to obtain a recovery for . . . the amounts wrongfully paid this officer." *Wallen*, 304 S.W.2d at 500. The defendant moved to dismiss the action because it was not brought in the name of the District Attorney. *Id.* at 501-02. The trial court found that the action was not a *quo warranto* action because it did not have the

required signature of the district attorney and was not an action under the Ouster Law[1] because it named only seven complainants instead of the required ten. *Id.* at 502.

After an apparently heated trial, the trial court found the defendant guilty, ordered him removed from office and ordered him to return the $2,480 that he had earned on the illegal transaction. *Id.* at 502-03. On appeal, the Court of Appeals concluded that the plaintiffs were only entitled to relief under the Ouster Law because they failed to obtain joinder of the District Attorney. *Id.* at 503. This outcome was more clearly stated in ***Wooten v. Macon County***, 1988 WL 9821, *2 (Tenn. Ct. App. 1988), a subsequent decision in which this Court, discussing ***Wallen***, observed that "the only relief available to private citizens *without joinder of the Attorney General* was removal from office under the ouster law." ***Wooten v. Macon County***, 1988 WL 9821, *2 (Tenn. Ct. App. 1988) (emphasis added).

In ***Wallen***, the decision of the Court of Appeals was appealed to the Tennessee Supreme Court. In its discussion, the Tennessee Supreme Court separated the claims into two distinct issues–one for recovery of wrongful profits and one for the removal of a public figure from office. ***Wallen***, 304 S.W.2d at 656, 657 (citing ***Savage v. Mynatt***, 299 S.W. 1043, for repayment to city of funds received in violation of statute). As to the claim for recovery of monetary amounts, the court stated that, "[i]n all of the cases so far as we know where the public officer has had an interest in the contract or there has been a suit for recovery back on an invalid contract because of his interest, the courts have held unquestionably that the officer could not recover for work done or things furnished under this statute." *Id.* at 657. Thus, ***Wallen*** indicates that a suit for recovery of wrongful gains may be pursued under the forerunner to T.C.A. § 12-4-101, et seq.

The ***Wallen*** court went on to analyze the issue of removing a public official from office. On this issue, the court noted that the statute prohibiting a public official from having a personal interest in a contract with public entity did not provide a procedure for removing that official from office. ***Wallen***, 304 S.W.2d at 657. As noted by the majority, the ***Wallen*** court held that, in absence of such a provision, "proceedings should be prosecuted according to the practice under common law." *Id.* The court then stated that the proper procedure for removing a public official from office under these circumstances is the common law remedy of *quo warranto*. *Id*.

The ***Wallen*** court then noted that the issue of ouster was moot because Miller's term of office had expired. *Id.* at 660. Therefore, it affirmed the decision of the Court of Appeals, that is, that the only relief that the taxpayers could obtain, absent joinder of the District Attorney, was under the Ouster Law. *Id.* at 656, 660.

On remand, it appears that the remedy of requiring repayment of illegally obtained funds is available pursuant to T.C.A. § 12-4-101 *et seq*. From ***Wallen***, it appears that such relief may require joinder of the District Attorney General, through the vehicle of a *quo warranto* action. Therefore,

---

[1]The Ouster Law, codified at that time at T.C.A. § 8-2701, was used to oust a public official from office for improper conduct.

in addition to the repayment of illegally obtained funds available under T.C.A.§ 12-4-101 *et seq.*, through joinder of the Attorney General, I would permit the trial court to consider whether the issue of removing Councilman Handley from office is moot.

On this basis, I concur.

_____
HOLLY M. KIRBY, JUDGE