STATE *ex rel.* ELLIS *v.* ROBBINS.

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

JENNINGS, O'NEIL & JARVIS, of Knoxville, for plaintiff.

J. H. McCARTT, of Wartburg, and CLYDE W. KEY, Knoxville, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a mandamus proceeding filed by the relator Ellis against the defendant, Mrs. Ora S. Robbins, County Superintendent of Public Instruction of Scott County, seeking a peremptory writ of mandamus to compel Mrs. Robbins as such Superintendent to issue to Ellis a warrant covering his salary as Supervising teacher of the public schools of the county. The Chancellor granted the relief sought and held that Ellis was entitled to collect his salary. The Superintendent, Mrs. Robbins, has appealed and has refused to pay the salary, and in her answer states that in the August 1952 general election she defeated Ellis for the office of County Superintendent; that on August 18, 1952, while Ellis was County Superintendent and before she was inducted on September 1, 1952, the County Board of Education employed him as Supervising Teacher of all the public schools of Scott County for one year. Mrs. Robbins contends that said employment was in violation of Sections 1874-1876 of the Code, which sections are as follows:

"1874. *Public officers not to be interested in public contracts.*—It shall not be lawful for any offi-

cer, committeeman, director, or other person whose duty it is to vote for, let out, overlook or in any manner to superintend, any work or any contract in which any municipal corporation, county, or the state, shall or may be interested, to be directly or indirectly interested in any such contract.''

''1875. *Forfeiture of all payment and compensation.*—Should any person, acting as such officer, committeeman, director, or other person above referred to, be or become directly or indirectly interested in any such contract, he shall forfeit all pay and compensation therefor.''

''1876. *Dismissed from office, etc.*—Such officer shall be dismissed from such office he then occupies, and be ineligible for the same or a similar position for ten years.''

The General Education Act of 1925, Code, Section 2317 et seq., requires the County Superintendent to recommend to the County Board of Education supervisors and to superintend, supervise and overlook and advise the work of such supervisors.

Code, Section 2327, subsection 6, provides that the County Superintendent and Chairman of the County Board of Education shall constitute the executive committee of said Board of Education.

It appears that Ellis has placed himself in the position on August 18, 1952, during his term of office which did not expire until September 1, 1952, of recommending himself for employment to the County Board of Education, of whose executive committee he was a member.

Section 2323 of the Code of Tennessee provides:

"It shall be a misdemeanor in office for any county superintendent to take any other contract under the county board of education or to perform any other service for additional compensation, or to act as principal or teacher in any public school or become the owner of a school warrant other than that allowed for his services as superintendent; and for any violation of any provision of this section he shall be fined not less than fifty dollars nor more than two hundred and fifty dollars, and be dismissed from his position."

The relator contends that under the law, he was not a party to the contract employing him as County Supervisor; that this contract was, under the statute, made by the County Board of Education, and he further contends that his contract, although entered into on August 18, 1952 while he was still Superintendent, did not become effective until September 1, 1952, when he went out of office as such Superintendent.

We cannot agree to the contention made by Ellis for the reason that the contract entered into on August 18, 1952 was iniquitous and against public policy. Although under the law he was not required to sign the contract, yet it was his duty as County Superintendent to make recommendations for the office of County Supervisor. While under the contract he was not to assume his duties until September 1, 1952, yet at the time the contract was made, he was County Superintendent of Scott County and he was forbidden under the above statute to in any manner superintend any work in which he was directly or indirectly personally interested. *State ex rel. Abernathy* v. *Robertson,* 5 Tenn. Civ. App. 438; *Hope* v. *Hamilton County,* 101 Tenn. 325, 47 S. W. 487; *Madison County* v. *Alexander,* 116 Tenn. 685, 94 S. W. 604.

To hold that Ellis did not actually assume the duties of Supervising Teacher until after he had left the office of Superintendent would nullify the statute and defeat its purpose.

The above being our views in the matter, it is not necessary for us to consider the question of whether mandamus is the proper remedy in the present case.

It results therefore that we are of the opinion that it is against the public policy of this state to uphold the purported contract in this case.

The decree of the Chancellor sustaining the bill for mandamus is accordingly reversed and the suit dismissed.