IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 7, 2019 Session

**STATE OF TENNESSEE v. CHARLES KEESE**

**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Knox County
No. 105631   G. Scott Green, Judge**

_____

**No. E2016-02020-SC-R11-CD**

_____

This is the second in a succession of three cases concerning Section 5 of the Public Safety Act of 2016, which took effect on January 1, 2017, and amended Tennessee Code Annotated section 39-14-105, the statute providing for grading of theft offenses. In 2016, before the amended version of the statute took effect, Charles Keese, the defendant, was convicted of theft of property in the amount of $1,000 or more but less than $10,000, a Class D felony at the time of the offense. In sentencing the defendant before the amendment's effective date, the trial court applied the amended version of the statute, which graded theft of more than $1,000 but less than $2,500 as a Class E felony, and sentenced the defendant accordingly. Both the State and the defendant filed notices of appeal. The Court of Criminal Appeals, after determining that appellate jurisdiction over the sentencing issue raised by the State was proper, vacated the sentence and remanded for entry of a sentence reflecting a conviction of a Class D felony. We granted the defendant's application for permission to appeal in this case in order to consider (1) whether the State had the right to appeal the trial court's sentencing decision, and (2) whether the Criminal Savings Statute, Tennessee Code Annotated section 39-11-112, should apply to the amendments of the theft grading statute where, as here, the offense occurred and the defendant was sentenced before the statute's effective date. We conclude that the State had a statutory right to appeal the sentence pursuant to Tennessee Code Annotated section 40-35-402(b)(1). In addition, we agree with the Court of Criminal Appeals' determination that the Criminal Savings Statute applies to the amendments to Tennessee Code Annotated section 39-14-105. We also agree with its ultimate conclusion that the trial court erred in sentencing the defendant under the amended version of the statute prior to its effective date. We, therefore, affirm the judgment of the Court of Criminal Appeals and remand to the trial court for the entry of a modified judgment consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed; Case Remanded to the Trial Court**

ROGER A. PAGE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, SHARON G. LEE, and HOLLY KIRBY, JJ., joined.

Brennan M. Wingerter (on appeal) and Dustin Dunham (at trial), Knoxville, Tennessee, for the appellant, Charles Preston Keese.[1]

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Courtney N. Orr, Assistant Attorney General; Charme P. Allen, District Attorney General; and TaKisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, a Knox County Grand Jury charged the defendant with six counts of theft for offenses that occurred during a five-day period in September 2014. On the dates in question, the defendant went to East Town Wal-Mart, where he placed several tool sets in a shopping cart. On those occasions, the defendant then wheeled the cart out of the store without paying for the items. Counts 1 and 2 of the indictment charged the defendant with alternate counts of theft of property valued at $1,000 or more but less than $10,000, and Counts 3-4 and 5-6, respectively, charged the defendant with separate alternate counts of theft of property valued more than $500 but less than $1,000.

The jury returned guilty verdicts on all six counts.[2] The trial court, however, merged[3] all six counts into one conviction under Count 1 for theft of property valued at $1,000 or more but less than $10,000.

---

[1] This Court has been made aware that the case caption reflects a misspelling of the defendant's surname. However, the apparent proper spelling—Keesee—does not appear in the record on appeal. Thus, for the sake of consistency with the trial court and the Court of Criminal Appeals, we have chosen to continue to refer to the defendant as Charles Keese and to leave the case caption unchanged.

[2] The defendant was convicted of misdemeanor theft, a lesser-included offense, on Counts 5-6.

On August 26, 2016,[4] the trial court held a sentencing hearing at which the defendant stipulated his status as a career offender. However, the parties disagreed on the class of the offense. The defendant argued that his offense constituted a Class E felony. At the time the defendant committed the offense, theft of property valued at $1,000 or more but less than $10,000 constituted a Class D felony. But, the defendant pointed to the Public Safety Act of 2016, which went into effect on January 1, 2017, and amended the theft grading statute, Tennessee Code Annotated section 39-14-105(a). According to the defendant, the Criminal Savings Statute, Tennessee Code Annotated section 39-11-112, required the court to sentence him under the amended statute for Class E felony theft.

The State, however, argued that the defendant should not be sentenced pursuant to the amended statute because "[t]he new act creates a different offense that is not in effect right now." It asserted, therefore, that the offense constituted a Class D felony and that the defendant should be sentenced accordingly.

Although the Public Safety Act of 2016 had not yet become effective, the trial court agreed with the defendant that the Criminal Savings Statute applied to the defendant's case. On October 24, 2016, the court imposed a six-year sentence under the amended version of Tennessee Code Annotated section 39-14-105(a) for Class E felony theft.

Both the State and the defendant appealed. On October 3, 2016, the State submitted a notice of appeal challenging the trial court's sentencing decision. The defendant then filed a motion for a new trial pursuant to Rule 33 of the Tennessee Rules of Criminal Procedure challenging the sufficiency of the convicting evidence. On January 13, 2017, after his motion was denied, the defendant filed a timely notice of appeal.

The Court of Criminal Appeals affirmed the defendant's conviction but vacated the sentence imposed by the trial court and remanded for entry of a twelve-year sentence,

---

[3] It appears that the trial court merged Counts 2-6 into Count 1. Of course, it was proper to merge the alternative theft counts into three convictions. The court then aggregated all of the thefts. While neither the State nor the defendant has challenged the aggregation, we note that the question of the proper standard for aggregation is the subject of this Court's recent opinion in *State v. Jones*, No. E2017-00535-SC-R11-CD, 2019 WL 5956361 (Tenn. 2019).

[4] The sentencing hearing continued on September 8, 18, and 29, 2016.

- 3 -

reflecting the appropriate sentence for a Class D felony. *State v. Keese*, No. E2016-02020-CCA-R3-CD, 2018 WL 1353697, at *12 (Tenn. Crim. App. Mar. 15, 2018), *perm. app. granted* (Tenn. Aug. 9, 2018).

## II. ISSUES PRESENTED

We granted the defendant's application for permission to appeal[5] in order to consider the following issues:

1. Whether the Court of Criminal Appeals erred in concluding that the State had the right to appeal the trial court's application of the Criminal Savings Statute in sentencing the defendant for theft offenses that were committed before the effective date of the amendments to Tennessee Code Annotated section 39-14-105.

2. Whether the amendments to Tennessee Code Annotated section 39-14-105 are applicable when both the offense and sentencing occurred before the amendments' effective date.

For the following reasons, we affirm the judgment of the Court of Criminal Appeals.

## III. ANALYSIS

At the outset, we note that this case involves multiple issues of statutory construction. As issues involving statutory construction present questions of law, we review such questions de novo with no presumption of correctness. *State v. Dycus*, 456 S.W.3d 918, 924 (Tenn. 2015) (citing *State v. Springer*, 406 S.W.3d 526, 532-33 (Tenn. 2013); *State v. Marshall*, 319 S.W.3d 558, 561 (Tenn. 2010); *State v. Wilson*, 132 S.W.3d 340, 341 (Tenn. 2004)); *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009).

---

[5] We granted permission to appeal in the present case along with *State v. Tolle*, No. E2017-00571-CCA-R3-CD, 2018 WL 1661616 (Tenn. Crim. App. Mar. 19, 2018), *perm. app. granted* (Tenn. Aug. 9, 2018) and *State v. Menke*, No. M2017-00597-CCA-R3-CD, 2018 WL 2304275 (Tenn. Crim. App. May 21, 2018), *perm. app. granted* (Tenn. Oct. 11, 2018). The three cases were scheduled to be heard together at oral argument, but *Menke* and *Tolle* are each the subject of separate opinions released concurrently herewith.

- 4 -

When engaging in statutory interpretation, "well-defined precepts apply." *State v. McNack*, 356 S.W.3d 906, 908 (Tenn. 2011). "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) (citing *State v. Sliger*, 846 S.W.2d 262, 263 (Tenn. 1993)); *Carter*, 279 S.W.3d at 564 (citing *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008)). In construing statutes, Tennessee law provides that courts are to avoid a construction that leads to absurd results. *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 872 (Tenn. 2016). "Furthermore, the 'common law is not displaced by a legislative enactment, except to the extent required by the statute itself.'" *Wlodarz v. State*, 361 S.W.3d 490, 496 (Tenn. 2012) (quoting *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 679 (Tenn. 2002)), *abrogated on other grounds by*, *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language . . . ." *Carter*, 279 S.W.3d at 564 (citations omitted).

## A. Jurisdiction

We first consider, as we must, whether this Court is authorized to hear the case before us. Concerning the State's right to appeal in a criminal case, this Court has previously explained:

> Under the common law, as understood and applied in the United States, neither a state nor the United States had a right to appeal in a criminal prosecution, unless the right is expressly conferred by a constitutional provision or by statute. *Arizona v. Manypenny*, 451 U.S. 232, 246, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981); *United States v. Sanges*, 144 U.S. 310, 312, 12 S.Ct. 609, 36 L.Ed. 445 (1892); *State v. Reynolds*, 5 Tenn. (4 Hayw.) 110, 110 (1817). A general grant of appellate jurisdiction does not satisfy this requirement. *United States v. Sanges*, 144 U.S. at 322–23, 12 S.Ct. 609; *State v. Reynolds*, 5 Tenn. (4 Hayw.) at 110–11. When a statute affords a state or the United States the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute. *Carroll v. United States*, 354 U.S. 394, 400, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *State v. Adler*, 92 S.W.3d 397, 400 (Tenn. 2002).

*State v. Meeks*, 262 S.W.3d 710, 718 (Tenn. 2008).

The State first filed a notice of appeal to the Court of Criminal Appeals citing Rule 3 of the Tennessee Rules of Appellate Procedure as the basis for its right to appeal the trial court's judgment.[6] The Court of Criminal Appeals, however, determined that the State had no appeal as of right under Rule 3 because its claim did not fit any categories provided therein. *Keese*, 2018 WL 1353697, at \*4. Instead, the court explained that because *the defendant* filed a timely notice of appeal after his motion for new trial was denied, the appellate court acquired jurisdiction of the entire case, including claims made by the State. *Id.* at \*6 (citing Tenn. R. App. P. 13).[7]

After our review, we do not dispute that the Court of Criminal Appeals could have acquired jurisdiction over the State's claim when the defendant properly filed his timely notice of appeal; however, in our view, the State had a right to appeal in this case independent of the defendant.

Tennessee Code Annotated section 40-35-402(b) provides for a State appeal of a sentence in the following circumstances:

---

[6] Tennessee Rule of Appellate Procedure 3(c) grants the State in a criminal case the right to appeal in certain limited circumstances:

> **(c) Availability of Appeal as of Right by the State in Criminal Actions.** In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding, from an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, and from a final order on a request for expunction.

[7] Rule 13 provides in pertinent part:

> **(a) Questions of Law that May Be Urged Upon Appeal.** Except as otherwise provided in Rule 3(e), any question of law may be brought up for review and relief by any party. Cross-appeals, separate appeals, and separate applications for permission to appeal are not required. Dismissal of the original appeal shall not preclude issues raised by another party from being considered by an appellate court.

Tenn. R. App. P. 13(a).

(1) The court improperly sentenced the defendant to the wrong sentence range;
(2) The court granted all or part of the sentence on probation;
(3) The court ordered all or part of the sentences to run concurrently;
(4) The court improperly found the defendant to be an especially mitigated offender;
(5) The court failed to impose the fines recommended by the jury;
(6) The court failed to order the defendant to make reasonable restitution; or
(7) The sentence is inconsistent with the purposes or considerations of sentencing set out in §§ 40-35-102 and 40-35-103.

Under Rule 37 of the Tennessee Rules of Criminal Procedure, "[t]he defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal." Tenn. R. Crim. P. 37(b). Section 40-35-402(b) is a "law" that provides the State with a right of appeal in a number of circumstances, including—as is relevant here—where the State alleges that "[t]he court improperly sentenced the defendant to the wrong sentence range." Tenn. Code Ann. § 40-35-402(b)(1).

The State argues that subsection -402(b)(1) applies because it contends that "[t]he court improperly sentenced the defendant to the wrong sentence range." The Court of Criminal Appeals, however, concluded that subsection -402(b)(1) does not serve as a basis for appellate jurisdiction where, as here, the State challenges the trial court's application of the amended version of the theft grading statute. *Keese*, 2018 WL 1353697, at *4. It reasoned:

The amendment to Code section 39-14-105 . . . did not alter the law setting sentencing ranges. Sentencing range and offense class are not the same. Both offenses and offenders are classified by the legislature, and the Code then provides a range of punishment for each combination of offense and offender class. . . . The question in this case is not the appropriate range classification but whether the defendant's conviction . . . should be classified as a Class D felony, . . . or a Class E felony . . . .

*Id.* (citations omitted); *see also Tolle*, 2018 WL 1661616, at *4.

In our opinion in *State v. Menke*, No. M2017-00597-SC-R11-CD, __ S.W.3d __, __ (Tenn. 2019), which we considered in conjunction with the present case, we discussed the validity and application of section 40-35-402(b), particularly subsection (1), at length.

We concluded in *Menke* that section 40-35-402(b) indeed provides the State with a statutory right of appeal in a number of circumstances, including—as is relevant here— where the State alleges that "[t]he court improperly sentenced the defendant to the wrong sentence range." *Id.* at __ (quoting Tenn. Code Ann. § 40-35-402(b)(1)). Further, we concluded that, in this precise context, subsection -402(b)(1) authorized a State appeal, explaining as follows:

> We recognize that, here, the crux of the State's argument actually concerns the *offense class*. . . . We agree that sentencing ranges and offense classifications are not the same; however, . . . the offense class is an indispensable variable in the calculation of a defendant's sentence range. While distinct, the two concepts under this statutory scheme cannot be separated. A trial court's improper application of either the offender classification or the offense classification will directly result in a "wrong sentence range." Accordingly, because this appeal involves offense classification, it necessarily involves sentence range. We, therefore, agree with the determination of the Court of Criminal Appeals in the case before us that section 40-35-402(b)(1) served as a basis for appellate jurisdiction in this instance.

*Id.* at __.

Here, too, we conclude that appellate jurisdiction is proper pursuant to Tennessee Code Annotated section 40-35-402(b)(1).

### B. Applicability of Amended Theft Grading Statute

Next, we turn to the issue of whether the amendments to Tennessee Code Annotated section 39-14-105 are applicable when, as here, both the offense *and sentencing* occurred before the amendments' effective date. We reiterate that our review of this question of statutory construction is de novo with no presumption of correctness. *State v. Howard*, 504 S.W.3d 260, 267 (Tenn. 2016).

The offense of theft is defined as follows: "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a). Under section 39-14-105, which we refer to as the theft grading statute, the Code outlines the range of "the value of the property or services obtained" for each offense class. *Id.* § 39-14-105(a).

Prior to January 1, 2017, the theft grading statute provided, in relevant part:

(a) Theft of property or services is:

(1) A Class A misdemeanor if the value of the property or services obtained is five hundred dollars ($500) or less;

(2) A Class E felony if the value of the property or services obtained is more than five hundred dollars ($500) but less than one thousand dollars ($1,000);

(3) A Class D felony if the value of the property or services obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000)[.]
. . . .

Tenn. Code Ann. § 39-14-105 (a) (2014).

However, the Public Safety Act of 2016, which was enacted on April 27, 2016, modified the grading of theft offenses as follows:

(a) Theft of property or services is:

(1) A Class A misdemeanor if the value of the property or services obtained is one thousand dollars ($1,000) or less;

(2) A Class E felony if the value of the property or services obtained is more than one thousand dollars ($1,000) but less than two thousand five hundred dollars ($2,500);

(3) A Class D felony if the value of the property or services obtained is two thousand five hundred dollars ($2,500) or more but less than ten thousand dollars ($10,000)[.]

2016 Tenn. Pub. Acts, ch. 906, sec. 5.

Thus, at the time the defendant committed the offense at issue in the case before us, theft of property valued at $1,000 or more but less than $10,000 constituted a Class D

- 9 -

felony, Tenn. Code Ann. § 39-14-105(a)(3) (2014), but after January 1, 2017, theft of the same amount could potentially constitute one of three separate offense classes: theft of exactly $1,000 (Class A misdemeanor); theft of more than $1,000 but less than $2,500 (Class E felony); or theft of $2,500 or more but less than $10,000 (Class D felony), Tenn. Code Ann. § 39-14-105(a)(1) (2017); 2016 Tenn. Pub. Acts, ch. 906, secs. 5, 17.  In this case, the trial court determined that the defendant's crime constituted Class E felony theft under the amended statute.

As a general rule, "a criminal offender must be sentenced pursuant to the statute in effect at the time of the offense."  *State v. Smith*, 893 S.W.2d 908, 919 (Tenn. 1994) (citing *State v. Reed*, 689 S.W.2d 190, 196 (Tenn. Crim. App. 1984); 24 C.J.S. *Criminal Law*       § 1462 (1989)).  Even so, our legislature has enacted a Criminal Savings Statute, which requires courts to apply a subsequent statute to a defendant's sentencing if the subsequent statute "provides for a lesser penalty."  Tenn. Code Ann. § 39-11-112.

We granted the defendant's application for permission to appeal in the present case, along with the applications of the defendants in both *State v. Menke* and *State v. Tolle*, to resolve the split of authority in the appellate courts of this State concerning whether the amendments to the theft grading statute "provide[ ] for a lesser penalty," therefore requiring the application of the "subsequent act."[8]  *See* Tenn. R. App. P. 11(a) (indicating that this Court can consider "the need to secure uniformity of decision" in considering whether to grant permission to appeal).

In this Court's opinion in *Menke*, issued concurrently with this opinion, we reversed the decision of the *Menke* panel of the Court of Criminal Appeals and concluded that the amended version of the theft grading statute was applicable.  *State v. Menke*, No. M2017-00597-SC-R11-CD, __ S.W.3d __, __ (Tenn. 2019).  We determined that value is not an essential element of the offense of theft and that the amendments to the theft grading statute embodied in the Public Safety Act, at least in effect, decreased the punishment for the defendant's crime.  *Id.* at __.  Therefore, we held that the "lesser penalty" language of the Criminal Savings Statute was satisfied and that the amended

---

[8] The Court of Criminal Appeals has issued several opinions addressing this issue. *See, e.g.*, *State v. Goldberg*, No. M2017-02215-CCA-R3-CD, 2019 WL 1304109, at *19-22 (Tenn. Crim. App. Mar. 20, 2019); *Menke*, 2018 WL 2304275, at *5-8; *State v. Swinford*, No. E2017-01164-CCA-R3-CD, 2018 WL 1831126, at *8-10; *Tolle*, 2018 WL 1661616, at *7-11; *Keese*, 2018 WL 1353697, at *7-12.  In the majority of these cases, our intermediate appellate court has held that the Criminal Savings Statute *does* apply to allow a defendant convicted of an offense that occurred before the effective date of the Public Safety Act to be sentenced under the amended version of the theft grading statute.

version of the theft grading statute was applicable even where the offense occurred before the amendment's effective date. *Id.* at __.

Accordingly, we now conclude that while the Court of Criminal Appeals did not err in determining that the Criminal Savings Statute applied generally, the amended version of the theft grading statute cannot apply in the case before us because the defendant was sentenced prior to the Public Safety Act's effective date.

Article II, section 20 of the Tennessee Constitution provides: "No law of a general nature shall take effect until forty days after its passage unless the same or the caption thereof shall state that the public welfare requires that it should take effect sooner." Tenn. Const. art. II, § 20. "The purpose of the section . . . was to secure a sufficient interval between the date of the passage of an act and its going into effect, to enable the public to become acquainted with its terms and to conform thereto. . . ." *State v. Trewhitt*, 82 S.W. 480, 483 (Tenn. 1904) (citations omitted). This Court has held that the legislature may, by the terms of the act, postpone its taking effect beyond the forty days. *Wright v. Cunningham*, 91 S.W. 293, 295 (Tenn. 1905) (citing *Trewhitt*, 82 S.W. at 483 ("There is nothing in the provision referred to, or in any other provision of the Constitution, to forbid the Legislature making even a longer interval than the one that was specially designated as a safeguard.")). Conversely, "if the public should require it, the Legislature, by special direction to that effect, might cause [the act] to become operative at once." *Trewhitt*, 82 S.W. at 483. Indeed, "a statute is duly enacted and vitalized immediately upon full compliance by the Legislature with the requirements of the Constitution for the enactment of laws, but [ ] it does not become effective and binding upon the citizens . . . except as provided by the terms of the Act itself, or in the absence thereof, by the provisions of the Constitution." *State ex rel. Banks v. Taylor*, 287 S.W.2d 83, 86 (Tenn. 1955). In cases where the legislature provides an effective date, the effective date "become[s] an expression of the legislative will in the form of a rule of action prescribed for the regulation of the conduct and affairs of the people; but it is a part of the same expression that *the people shall not be compelled or permitted to act thereunder until the expiration of a time fixed*." *Wright*, 91 S.W. at 295 (emphasis added).

The Public Safety Act, which contains the subject amendments, was signed into law on April 27, 2016, and section 17 of the Act specified that the amendments would become effective on January 1, 2017. 2016 Tenn. Pub. Acts, ch. 906, sec. 17. The defendant argues on appeal that the language of the Criminal Savings Statute does not require that the "subsequent act provid[ing] for a lesser penalty" must become effective before it can be applied. According to the defendant, so long as sentencing occurred after

the Public Safety Act was enacted on April 27, 2016, the amendment should be applied, and "the fact that the General Assembly chose a statutory effective date of January 1, 2017, has no bearing on the application of [the Criminal Savings Statute]." We disagree.

Although we have determined that the Criminal Savings Statute is generally applicable to the amended theft grading statute, we must conclude—as did the Court of Criminal Appeals—that the amendments cannot be applied in the defendant's case because he was sentenced before the effective date of the Public Safety Act. *See also State v. Houser*, No. E2017-00987-CCA-R3-CD, 2017 WL 5054074, at \*4-5 (Tenn. Crim. App. Nov. 1, 2017), *perm app. denied* (Tenn. Feb. 14, 2018) (affirming the trial court's decision declining to apply the amended version of the theft grading statute where the defendant was convicted and sentenced prior to the amendments' effective date). The language of the Criminal Savings Statute does not change the long-standing rule that a statute or act of the legislature cannot become operative until its effective date, nor can "the people . . . be compelled or permitted to act thereunder." *Wright*, 91 S.W. at 295. The exception to the general rule that offenders must be sentenced pursuant to the statute in effect at the time of the offense embodied in the Criminal Savings Statute only applies when the defendant is sentenced after the effective date of the relevant amendment. To put it another way, a criminal defendant whose sentence is final prior to the effective date cannot benefit from a statutory amendment that provides for a lesser punishment.

Therefore, we affirm the decision of the Court of Criminal Appeals to vacate the sentence imposed by the trial court. We further agree that, because it was settled that the defendant was a career offender, the trial court's judgment must be modified to reflect a conviction of Class D felony theft and, accordingly, a twelve-year sentence. *See* Tenn. Code Ann. §§ 40-35-108(c),-35-112(c)(4).

## IV. CONCLUSION

For the foregoing reasons, we conclude that appellate jurisdiction was proper in this case, and we further conclude that the trial court erred in sentencing the defendant pursuant to the amended version of the theft grading statute, Tennessee Code Annotated section 39-14-105. Therefore, we affirm the judgment of the Court of Criminal Appeals and remand to the trial court for the entry of a modified judgment consistent with this opinion. It appearing that the defendant, Charles Keese, is indigent costs of this appeal are taxed to the State of Tennessee.

- 12 -

_____
ROGER A. PAGE, JUSTICE